## IN THE MATTER OF FRANCIS L. BOYLE, AN ATTORNEY AT LAW.

Argued January 25, 1965—Decided March 7, 1966.

*Mr. Bennett H. Fishler, Jr.,* argued the cause for the Committee.

*Mr. John J. Breslin* argued the cause for respondent (*Messrs. Breslin & Breslin,* attorneys).

The opinion of the court was delivered

PER CURIAM. Respondent was charged by the Bergen County Ethics Committee with unethical conduct in that he refused to render an account or to make his books and records

available for an audit of his conduct as trustee of a certain trust. When the account was finally rendered it was disclosed that he had appropriated a substantial sum to his own use. Respondent was also charged with certifying to a mortgagee that certain of its mortgages were good and valid first liens when he knew that the certifications were false. The prior liens were intended to be paid off out of monies deposited in his trust account, which account, however, did not have sufficient funds on deposit available for use in that connection because he had misappropriated the same to his own benefit and use. Respondent admitted all of the foregoing.

He said he required the money for family needs, and added that he believed real property he owned was always sufficient to make good his shortage. Complete restitution was made before the hearing on the charges. None of these circumstances in any way excuse the offense but may be considered in mitigation of the extent of the discipline.

The Bergen County Ethics Committee made a presentment to this Court.

The solution of the problem encountered in imposing disciplinary sanctions is aptly expressed in *In re Baron*, 25 *N. J.* 445 (1957), at *p.* 449:

> "Each disciplinary matter must be determined on its own facts and circumstances, and the difficulty constantly present is as to what the final disciplinary measure should be. The ultimate objective is the protection of the public, the purification of the bar and the prevention of a re-occurrence."

The gravity of respondent's conduct is aggravated by the fact that he was a magistrate at the time of his derelictions. The confidence of the public in the bar is especially affected where a member of the judiciary is involved in misconduct. A lapse of integrity on his part has an especially deleterious effect on the standing of all lawyers in the community.

In the light of the foregoing, respondent is suspended from the practice of law for a period of three years and until the further order of this Court.